# United States Court of Appeals

## *for the*

## Third Circuit

Case No. 12-1595

UNITED STATES OF AMERICA,

– v. –

PHIL A. SIMON,

*Appellant.*

APPEAL FROM A FINAL JUDGMENT OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY, NEWARK
AT NO. 2:10-CR-00572-DMC-1 FILED PURSUANT TO
*ANDERS V. CALIFORNIA*, 386 U.S. 738 (1967)

## BRIEF AND APPENDIX VOLUME I OF II (PAGES A1-A11)
## IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL

OLUBUKOLA O. ADETULA, ESQ.
*Attorney for Appellant Phil A. Simon*
989 Sanford Avenue
Irvington, New Jersey 07111
(973) 416-1000

# TABLE OF CONTENTS

PAGE

I.    STATEMENT OF SUBJECT MATTER JURISDICTION………..1

II.   STATEMENT OF APPELLATE JURISDICTION………………..2

III.  STATEMENT OF ISSUES……………………………………………3

IV.   STANDARD OF REVIEW……………………………………………4

V.    STATEMENT OF RELATED CASES..……………………………5

VI.   STATEMENT OF CASE……………………………………………...6

VII.  STATEMENT OF FACTS……………………………………………7

VIII. SUMMARY OF ARGUMENT…………………………………..8

IX.   LEGAL ARGUMENT…………………………………………………9

## POINT I

APPELLANT'S APPEAL DOES NOT PRESENT
ANY NON-FRIVOLOUS ISSUES FOR REVIEW………………...9

   A.   The Plea Proceedings..……………………………………….9

   B.   The Sentencing Process..…………………………...………..11

X.    CONCLUSION…………………………………………………..13

i

## TABLE OF AUTHORITES

CASES:                                                    PAGE

Anders v. California,  386 U.S. 738 (1967)…………………………...…4,6,8

McCarthy v. United States, 394 U.S. 459 (1969)…………………….…9

Untied States v, Kirkumura, 918 F. 2d 1084  (3d Cir.  1990)..…………11

United States v. Trott, 779 F. 2d 912  (3d Cir. 1985)……………………10

STATUTES and RULES:

18 U. S. C. § 1343…………………………………………………1,6, 9

18 U. S. C. § 1349………………………………………………….1,6,9

18 U. S. C. § 3353 (b)……………………………………………………11

18 U. S. C. § 3742……………………………………………………12

28 U.S.C. 1291……………………………………………………….…2

Federal Rule of Criminal Procedure 11……………………………9, 10, 11

<u>STATEMENT OF SUBJECT MATTER JURISDICTION</u>

This case was brought in the United States District Court for the

District of New Jersey in an indictment charging Phil Simon with conspiring

to commit wire fraud, from the year 2004 and continuing into 2007, contrary

to Title 18 <u>U.S.C.</u> §1343  and  in violation of Title 18 <u>U.S.C.</u> § 1349.

STATEMENT OF APPELLATE JURISDICTION

The Third Circuit Court of Appeals has jurisdiction under 28 U.S.C.

1291 from a final decision of the District Court of New Jersey, in that a

judgment of conviction and sentence was entered on February 15, 2012,

against Phil Simon and a Notice of appeal was filed with the Clerk of the

District Court on February 24, 2012.

I.     <u>STATEMENT OF ISSUES</u>

Whether there are any non-frivolous issues presented for this Court's review.

<u>STANDARD OF REVIEW</u>

Whether defendant has any non-frivolous factual or legal issues for review. <u>Anders v. California</u>, 386 U.S. 738 (1967).

## STATEMENT OF RELATED CASES

Phil Simon is unaware of any related cases.

II    STATEMENT OF CASE

The brief is filed pursuant to <u>Anders v. California</u>, 386 U.S. 738

(1967).   Appellant Phil Simon  entered a guilty plea on January 18, 2011 to

count one of a six  count indictment charging him with knowingly and

intentionally conspiring and agreeing with others from as early as in or about

2004 to in or about 2007, , in violation of 18 <u>U.S.C.</u> § 1343 and 18  <u>U.S.C .</u>

§ 1349. (A54)   Appellant Phil Simon entered this plea before the Honorable

Dennis M. Cavanaugh, United States District Judge. (A54)

Sentencing was conducted on February 15, 2012 before Judge

Cavanaugh. (A3)  At sentencing, the District Court found Mr. Simon's

offense level to be 29, downwardly departed to an offense level of 25, with a

sentencing range of 57-71 months.  The court sentenced Mr. Simon to a term

of imprisonment of 66 months, three years of Supervised Release, and he

was ordered to pay a special assessment of $100.00.  He was also ordered to

pay restitution in the amount of $1,796,549.46. (A3)

Mr. Simon filed a Notice of Appeal on February 24, 2012. (A11)

## II.    STATEMENT OF FACTS

From sometime in 2004 and continuing into 2007, the Appellant Phil Simon along with his co-conspirator, Garth Celestine, operated Home Savers Consulting Corporation, which held itself out as a home foreclosure rescue company. They targeted homeowners in New York and New Jersey who were facing foreclosure of their homes. They fraudulently promised to help the homeowners avoid foreclosure, through a scheme by which they identified and recruited individuals with good credit ratings to act as straw buyers of the homes facing foreclosure. The homeowners were instructed to permit title to their homes be put in the names of the straw buyers for one year after which the title on the homes would be turned back over to the home owner. As part of these transactions, mortgages were taken out in the names of the straw buyers, utilizing false information and fraudulent documentation.  The scheme allowed for Lending institutions to fund dozens of loans, which allowed for millions of dollars of equity to be stripped from these homes. The defendant was arrested on August 5, 2009.

III.    SUMMARY OF ARGUMENT

After a careful review of the record, counsel submits this brief pursuant to Anders v. California, 386 U. S. 738, 744 (1967), representing that there are no non-frivolous issues.  Specifically, the district court had jurisdiction over this case, appellant's guilty plea was properly accepted, and appellant's sentence was legally imposed.  Accordingly, it is respectfully requested that counsel be relieved.

# IV.  LEGAL ARGUMENT

## POINT I

### APPELLANT'S APPEAL DOES NOT PRESENT ANY NON-FRIVOLOUS ISSUES FOR REVIEW

A.    The Plea Proceeding

Although not requested as a basis for appeal by appellant, one possible issue for review is whether Judge Cavanaugh conducted a sufficiently thorough plea hearing to withstand appellate scrutiny.  A review of the record of the plea demonstrates, however, that it was plainly adequate, and as such, no non-frivolous issue is presented for review.

According to Rule 11 of the Federal Rules of Criminal Procedure, before a guilty plea may be accepted, the court must establish that the defendant understands the nature of the charge to which he is entering a plea, and that there is a factual basis for the plea.  McCarthy v. United States, 394 U.S. 459, 464-67 (1969).  In the instant case Judge Cavanaugh satisfied both requirements

The District Judge made certain that Mr. Simon understood the charge, and that he wished to enter a plea of guilty to the charge of conspiring with others to commit wire fraud, in violation of 18 U.S.C. § 1343 and 18  U.S.C . § 1349

9

After reviewing the rights that Mr. Simon would be waiving by pleading guilty, and the maximum penalties that could be imposed, Judge Cavanaugh satisfied himself that the plea was made knowingly and voluntarily.  In short, the Rule 11 colloquy was sufficient to demonstrate that Appellant Simon had an adequate understanding of the charges to which he was pleading guilty.  See United States v. Trott, 779 F .2d 912, 914 (3d Cir. 1985).

Judge Cavanaugh further satisfied himself that Mr. Simon understood the penalties he was facing by inquiring same of Mr. Simon.  Appellant Simon indicated that he understood that he could be sentenced to up to twenty (20) years and a statutory maximum fine equal to the greater of $250,000.00 or twice the pecuniary gain.

Furthermore, the Court advised Mr. Simon, about various provisions of his plea agreement. This included a limited waiver of appeal provision, which the court explained, to Mr. Simon. In this regard, Mr. Simon indicated to the Court that he understood that if the Court were to impose a Sentence within or below the guideline range of an offense level of 25, he cannot appeal or challenge the sentence.

In addition to this, Judge Cavanaugh ensured that there was an adequate factual basis for the plea, by having the Assistant United States

10

Attorney question Mr. Simon regarding the facts of the case. This also was demonstrably adequate. <u>Trott</u>, 779 F. 2d at 914.

In summary, there is no non-frivolous appellate issue that can fairly be presented as to the adequacy of Appellant Simon's Rule 11 proceeding.

B.    <u>The Sentencing Process</u>

It is well settled that the sentence to be imposed on a defendant is within the sole discretion of the sentencing Judge, subject to the provisions of the Sentencing Reform Act, 18 <u>U.S.C</u> section 3551-3742. The court must also take into consideration the sentencing guidelines, which are not mandatory but advisory in nature. The court may impose a sentence within the applicable guideline range "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." Title 18 <u>U. S. C.</u> section 3553 (b); United <u>States v. Kikumura</u>, 918 F.2d 1084, 1098 (3d Cir. 1990). In this case the court determined the applicable offense level to be 25 and the guideline range of 57-71 months.

11

The sentencing court fully complied with the sentencing provisions. Not only did Judge Cavanaugh sentence Mr. Simon within the applicable guideline range, but he also stated in detail the basis for the sentence imposed.  Pursuant to Title 18 U.S.C. 3742, the Court of Appeals can review a sentence if the sentence.

    (1)    was imposed in violation of law; or

    (2)    was imposed as a result of an incorrect application Of the sentencing guidelines; or

    (3)    is greater than the sentence specified in the applicable Guideline range……;  or

    (4)    was imposed for an offense for which there is no Sentencing guideline and is plainly unreasonable.

None of these circumstances apply to this case.  The District Court sentenced Appellant Simon to 66 months imprisonment, which was within the applicable guideline range.

V.    <u>CONCLUSION</u>

Therefore, it is respectfully requested that the Motion to be Relieved as Counsel be granted.

Respectfully Submitted,

<u>/s/ Olubukola O. Adetula</u>
OLUBUKOLA O. ADETULA., ESQ.
ATTORNEY AT LAW
989 SANFORD AVENUE
IRVINGTON, NEW JERSEY 07111

ATTORNEY FOR APPELANT
PHIL SIMON

13

<u>CERTIFICATION OF BAR MEMBERSHIP</u>

The undersigned hereby certifies that he was appointed counsel in this matter pursuant to the Criminal Justice Act and is therefore eligible to appear before the United States Court of Appeals for the Third Circuit in this matter.


<u>/s/ Olubukola O. Adetula</u>
OLUBUKOLA O. ADETULA

Dated:  June 15, 2012

## CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(a) AND LOCAL RULE 31.1

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify the following:

This brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because this brief contains 1,410 words, excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii) of the Federal Rules of Appellate Procedure.

This brief complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and the type style requirements of Rule 32(a)(6) of the Federal Rules of Appellate Procedure because this brief has been prepared in a proportionally spaced typeface using the 2008 version of Microsoft Word in 14 point Times New Roman font.

This brief complies with the electronic filing requirements of Local Rule 31.1(c) because the text of this electronic brief is identical to the text of the paper copies, and the Vipre Virus Protection,  version 3.1 has been run on the file containing the electronic version of this brief and no viruses have been detected.

/s/ Olubukola O. Adetula
OLUBUKOLA O. ADETULA

# TABLE OF CONTENTS

**Page**

Order, Filed February 15, 2012.................................................................. A1

Minute Entry of Sentence, Filed February 15, 2012.............................. A3

Judgment of Conviction, Filed February 15, 2012 ................................ A4

Notice of Appeal, Filed February 29, 2012 .......................................... A11

Docket Entries......................................................................................... A12

Criminal Complaint, Filed August 4, 2009........................................... A18

Indictment, Filed August 24, 2010........................................................ A31

Plea Agreement, Filed January 18, 2011 .............................................. A46

Transcript of Guilty Plea, Dated January 18, 2011.............................. A54

Affidavit of Phil Simon, Filed December 6, 2011, with the Following
    Attached Exhibit: ......................................................................... A82

    Exhibit A: Excerpts of Levenson, *Federal Criminal Rules
        Handbook, 2009* ................................................................ A85

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES of AMERICA    :    O R D E R

                    :

        v.        :    Case No.  2:10cr572-1(DMC)

Phil A. Simon           :

This matter having come before the Court on an affidavit by Phil A. Simon, defendant Pro Se, challenging the jurisdiction of this court to preside over the Indictment in this case;

WHEREAS the defendant was arrested on August 5, 2008, and had his Initial appearance in front of US Magistrate Judge Salas on the same date, and was released on bond after waiving preliminary hearing; and

WHEREAS defendant consented to 6 continuances before relieving retained counsel Donna Newman, and being assigned current counsel Olubukola Adetula, Esq., who entered into an additional continuance before Indictment was filed on August 24, 2010; and

WHEREAS after indictment was filed, the court scheduled the arraignment to take place on September 14, 2010, and defense counsel was granted an adjournment until October 4, 2010 due to conflict in schedule; and

A1

WHEREAS defendant having retracted his plea of Not Guilty entered on October 4, 2010 and plead Guilty to count 1 of Indictment on January 18, 2011 without once raising the issue of jurisdiction; and

For good cause shown;

It is on this 14th day of February 2012

ORDERED that the defendant's Pro Se affidavit challenging this courts jurisdiction before sentencing, in the form of a Pro Se affidavit and not a formal motion, is DENIED.

DENNIS M. CAVANAUGH, U.S.D.J.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
MINUTES OF PROCEEDINGS

NEWARK                                    DATE: 15 February 2012

JUDGE: Dennis M. Cavanaugh

COURT REPORTER: Charles McGuire

DEPUTY CLERK: Scott P. Creegan

Title of Case:                            Docket # 2:10cr572-1

U.S.A.  v. Phil Simon

Appearances:

AUSA     Christine Magdo
D        Olubukola Adetula
Prob.    Renee Caggia

Nature of proceedings:
                     Evidentiary Loss Hrg. Conducted
     Garth Celestine          Sworn for Govt.
     James Boazzo             Sworn for Govt.
Govt. Rests
argument heard from counsel
Court determined loss to be valued between 2.5 and 7 million as
outlined in the PSR.

Govt's motion Granted

                     SENTENCING
Ct. 1     66 months Impr.
          3 years Supervised Release
Standard conditions imposed w/special: Drug provision
1. No new debt.
2. Self employment restriction
3. Restitution $1,796,548.45 joint and several w/10cr227 Garth
   Celestine, Deft. Participate in BOP IFRP,$500 monthly
   installments upon release from confinement. Interest waived
4. Fine $10,000, Interest waived
5. S.A. $100.00
Deft. Vol. Surrender as designated by BOP.
Ct. 2-6 Dismissed by Government motion

Time Commenced___10:30_____
Time Adjourned___12:30_____

cc: chambers                    Scott P. Creegan_____
                                Deputy Clerk

A3

Case 2:10-cr-00572-DMC   Document 43   Filed 02/15/12   Page 1 of 7 PageID: 144

AO 245B (Mod. D/NJ 12/06) Sheet 1 - Judgment In a Criminal Case

# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

    v.                         Case Number   2:10cr572-1

PHIL A SIMON

    Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, PHIL A SIMON, was represented by Olubukola Adetula, Esq.

On motion of the United States the court has dismissed count(s) 2-6.

The defendant pled guilty to count(s) 1 of the Indictment on 18 January 2011. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18:1343 | Conspiracy to Commit Wire Fraud | 2004-2007 | 1 |

As pronounced on 15 February 2012, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, for count(s) 1, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the   15   day of February, 2012.

DENNIS M. CAVANAUGH
United States District Judge

11233

A4

AO 245B (Mod. D/NJ 12/06) Sheet 2 - Imprisonment

Judgment – Page 2 of 7

Defendant:      PHIL A SIMON
Case Number:    2:10cr572-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 66 Months.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons .

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ To _____

At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

A5

AO 245B (Mod. D/NJ 12/06) Sheet 3 - Supervised Release

Judgment – Page 3 of 7

Defendant:     PHIL A SIMON
Case Number:   2:10cr572-1

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court as set forth below.

The defendant shall submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

While on supervised release, the defendant shall not commit another federal, state, or local crime, shall be prohibited from possessing a firearm or other dangerous device, shall not possess an illegal controlled substance and shall comply with the other standard conditions that have been adopted by this Court. The defendant must submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

In addition, the defendant shall comply with the following special conditions:

NEW DEBT RESTRICTIONS

You are prohibited from incurring any new credit charges, opening additional lines of credit, or incurring any new monetary loan, obligation, or debt, by whatever name known, without the approval of the U.S. Probation Office. You shall not encumber or liquidate interest in any assets unless it is in direct service of the fine and/or restitution obligation or otherwise has the expressed approval of the Court.

SELF-EMPLOYMENT/BUSINESS DISCLOSURE

You shall cooperate with the U.S. Probation Office in the investigation and approval of any position of self-employment, including any independent, entrepreneurial, or freelance employment or business activity. If approved for self-employment, you shall provide the U.S. Probation Office with full disclosure of your self-employment and other business records, including, but not limited to, all of the records identified in the Probation Form 48F (Request for Self Employment Records), or as otherwise requested by the U.S. Probation Office.

A6

Case 2:10-cr-00572-DMC   Document 43   Filed 02/15/12   Page 4 of 7 PageID: 147

AO 245B (Mod. D/NJ 12/06) Sheet 3a - Supervised Release

Judgment – Page 4 of 7

Defendant:      PHIL A SIMON
Case Number:    2:10cr572-1

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1)  The defendant shall not commit another federal, state, or local crime during the term of supervision.

2)  The defendant shall not illegally possess a controlled substance.

3)  If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4)  The defendant shall not leave the judicial district without the permission of the court or probation officer.

5)  The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.

6)  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7)  The defendant shall support his or her dependents and meet other family responsibilities.

8)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9)  The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

(17) You shall cooperate in the collection of DNA as directed by the Probation Officer.

*(This standard condition would apply when the current offense or a prior federal offense is either a felony, any offense under Chapter 109A of Title 18 (i.e., §§ 2241-2248, any crime of violence [as defined in 18 U.S.C. § 16], any attempt or conspiracy to commit the above, an offense under the Uniform Code of Military Justice for which a sentence of confinement of more than one year may be imposed, or any other offense under the Uniform Code that is comparable to a qualifying federal offense);*

(18) Upon request, you shall provide the U.S. Probation Office with full disclosure of your financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, you are prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge

A7

Case 2:10-cr-00572-DMC   Document 43   Filed 02/15/12   Page 5 of 7 PageID: 148

AO 245B (Mod. D/NJ 12/06) Sheet 3a - Supervised Release

Judgment – Page 5 of 7

Defendant:     PHIL A SIMON
Case Number:   2:10cr572-1

and approval of the U.S. Probation Office. You shall cooperate with the Probation Officer in the investigation of your financial dealings and shall provide truthful monthly statements of your income.  You shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Office access to your financial information and records;

(19) As directed by the U.S. Probation Office, you shall participate in and complete any educational, vocational, cognitive or any other enrichment program offered by the U.S. Probation Office or any outside agency or establishment while under supervision;

(20) You shall not operate any motor vehicle without a valid driver's license issued by the State of New Jersey, or in the state in which you are supervised.  You shall comply with all motor vehicle laws and ordinances and must report all motor vehicle infractions (including any court appearances) within 72 hours to the U.S. Probation Office;

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____

_____
            Defendant                              Date

_____
   U.S. Probation Officer/Designated Witness       Date

---

A8

AO 245B (Mod. D/NJ 12/06) Sheet 5 - Fine

Defendant:     PHIL A SIMON                                          Judgment – Page 6 of 7
Case Number:   2:10cr572-1

### FINE

The defendant shall pay a fine of $10,000.00.

This fine, plus any interest pursuant to 18 U.S.C. § 3612(f)(1), is due immediately and shall be paid in full within 30 days of sentencing.

The Court determines that the defendant does not have the ability to pay interest and therefore waives the interest requirement pursuant to 18 U.S.C. § 3612(f)(3).

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case 2:10-cr-00572-DMC   Document 43   Filed 02/15/12   Page 7 of 7 PageID: 150

AO 245B (Mod. D/NJ 12/06) Sheet 6 - Restitution and Forfeiture

Judgment – Page 7 of 7

Defendant:      PHIL A SIMON
Case Number:    2:10cr572-1

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution in the total amount of **$1,796,548.45**. The Court will waive the interest requirement in this case. Payments should be made payable to the **U.S. Treasury** and mailed to Clerk, U.S.D.C., 402 East State Street, Rm 2020, Trenton, New Jersey 08608, for proportionate distribution to the following victims in the following amounts:

| Name of Payee (Victim) | Amount of Restitution |
|---|---|
| DG | $ 67,000.00 |
| YP | $ 67,678.00 |
| RH | $ 60,339.00 |
| BJ | $ 339,032.41 |
| KM | $ 97,546.00 |
| SD | $ 131,326.00 |
| JM & MM | $ 136,768.56 |
| DO | $ 125,000.00 |
| MM & LM | $ 106,897.48 |
| GC | $ 95,000.00 |
| EA | $ 285,952.00 |
| TK | $ 284,009.00 |
| Total | $1,796,548.45 |

The amounts ordered represent the total amounts due to the victims for these losses. The defendant's restitution obligations shall not be affected by any restitution payments made by other defendants in this case, except that no further payments shall be required after the sums of the amounts actually paid by all defendants has fully satisfied these losses. The following defendant(s) in the following case(s) may be subject to restitution orders to the same victims for these same losses:

Garth Celestine                              Cr. No.: 2:10cr227-1

The restitution is due immediately   It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program(IFRP) the restitution shall be paid from those funds at a rate equivalent to $25 every 3 months.  In the event the entire restitution is not paid prior to the commencement of Supervision, the defendant shall satisfy the amount due in monthly installments of no less than $500, to commence 30 days after release from confinement.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

A10

**United States District Court**

**for the**

**District of New Jersey**

U.S. DISTRICT COURT

2012 FEB 24  P 12: 08

Full Caption in District Court:

U SA

    (Plaintiff)

Docket No.: 10-572

Judge: CAVANAUGH

  v.

**Notice of Appeal to**
**U.S. Court of Appeals**
**Third Circuit**

    (Defendant)

PHIL SIMON

Notice is hereby given that  PHIL SIMON

               (Named Party)

appeals to the United States Court of Appeals for the Third Circuit from

[X] Judgment, [ ] Order, [ ] Other _____

               (Specify)

of the United States District Court, District of New Jersey, entered in this action on

FEB 15, 2012

(Date)

Dated: 2/24/2012

PHIL SIMON

c/o OLUBUKOLA O. ADETULA
989 SANFORD AVENUE
    Street

IRVINGTON N.J 07111
  City, State, Zip

973 416 1000
  Telephone

A11

<u>CERTIFICATE OF FILING AND SERVICE</u>

I, Robyn Cocho, hereby certify pursuant to Fed. R. App. P. 25(d) that, on June 15,

2012 the foregoing Brief and Appendix Volume I of II (Pages A1-A11) in Support

of Motion to be Relieved as Counsel was filed through the CM/ECF system and

served electronically on the individual listed below:

Mark E. Coyne, Esquire
Office of the United States Attorney
970 Broad Street
Room 700
Newark, NJ  07102
mark.coyne@usdoj.gov


Paper copies have been served on:

Phil A. Simon
Inmate No. 301170-050
Federal Prison Camp
P.O. Box 670
Minersville, PA  17954

In addition, 10 copies have been filed with the court on June 15, 2012 via express
mail


<u>/s/Robyn Cocho</u>
Robyn Cocho